■    In the Matter of NORMAN K., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Kings County, dated August 11, 1977, which, upon a fact-finding determination that appellant is a juvenile delinquent, placed him with the New York State Division for Youth for a period of three years. Order reversed, on the law, without costs or disbursements, and a new dispositional hearing is ordered. Prior to the dispositional hearing, but after his adjudication as a juvenile delinquent, the appellant moved for an order permitting him to be examined by a psychologist of his own choosing at Juvenile Center. That motion was granted, on condition that a copy of the psychologist's report be given to the Corporation Counsel, the court and the probation department. The court based its order on subdivision 4 of section 750 of the Family Court Act, which requires, *inter alia,* that "Where the respondent is found to have committed a designated felony act, all diagnostic assessments and probation investigation reports shall be made available to the court and to counsel presenting the petition and for the respondent at least five court days prior to the commencement of the dispositional hearing." However, that section applies only to probation reports and assessments. It does not enlarge the court's power to condition an order which permits examination by an expert. The net effect of imposing such conditions would not be to provide more information for the court, but rather, as here, to discourage the defense from using its own experts to prepare for the dispositional hearing. Thus handicapped, counsel's ability to effectively represent his client is unnecessarily impaired. The Corporation Counsel joins with the appellant in concluding that a new dispositional hearing is required. Since there must be a new hearing, it is not necessary for us to reach the other issues raised by the appellant. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.